UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRED HERMAN KOBIE, III,

   Plaintiff,

v.              Case No:  2:12-cv-98-FtM-29DNF

JASON FIFTHIAN, Detective of Lee
County Sheriff Department and MIKE
SCOTT, Sheriff of Lee County Sheriff
Department,

   Defendants.
_____/

# ORDER[1]

   This matter comes before the Court on the parties' pretrial motions and respective responses, namely (1) Plaintiff Fred Herman Kobie, III's Motions *in Limine* (Doc. #95) filed on November 21, 2013, and Defendant Jason Fifthian's response (Doc. #122) filed December 26, 2013; (2) Defendant's Motion *in Limine* (Doc. #99) filed on December 6, 2013; and (3) Defendant's Motion to Exclude Plaintiff's Expert Witness, Philip Sweeting, And To Strike His Expert Report (Doc. #100) filed on December 6, 2013, and Plaintiff's response (Doc. #127) filed on April 18, 2014.  The undersigned heard arguments on these

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

motions at the final pretrial conference held on April 21, 2014.[2] Thus, the parties' motions are ripe for review.

## **LEGAL STANDARD**

A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. See Stewart v. Hooters of Am., Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." Id. (citing Luce v. United States, 469 U.S. 38, 41 (1984) (holding that district courts have the authority to make *in limine* rulings per their authority to manage trials)). A court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. See id. (citing Hawthorne Partners v. AT & T Techs., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

Motions *in limine* are disfavored, and admissibility questions should be ruled upon as they arise at trial. See id. Consequently, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice. See id. "Denial of a Motion In Limine does not insure evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means

---

[2] At the final pretrial conference on April 21, 2014, Plaintiff notified the Court that he has voluntarily dismissed this action against Defendant Mike Scott. As such, Defendant Scott is terminated as a named defendant in this case and the counts against him are hereby dismissed. Furthermore, the Court will only rule on the parties' pending motions as they pertain to Defendant Fifthian only.

the court cannot determine whether the evidence in question should be excluded outside the trial context." Stewart, 2007 WL 1752873, at *1 (citing United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989) (emphasis omitted)).  The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.  See id.  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."  Id. (citing Hawthorne Partners, 831 F. Supp. at 1400-01).

## DISCUSSION

### A.  Plaintiff's Motions *in Limine*

Plaintiff seeks to exclude the following at trial: (1) hearsay statements Mark Lee, a confidential informant, made to Defendant Fifthian during the criminal investigation that led to Plaintiff's arrest and detention; (2) opinions that Defendant had probable cause to arrest Plaintiff; (3) evidence of Plaintiff's prior criminal acts and pleas; and (4) Defendant Fifthian from wearing his police uniform.  (Doc. #95).  The Court will address each of Plaintiff's issues in turn.

#### 1.  *Hearsay Statements that Mark Lee Allegedly Made to Defendant Fifthian*

Plaintiff moves to exclude "any and all inadmissible hearsay statements" Mr. Lee made to Defendant Fifthian during the criminal investigation that led to his arrest.  (Doc. #95 at 1).  Plaintiff also seeks to bar any double hearsay statements, bad character statements about him, and unrelated statements about the criminal investigation.  (Doc. #95 at 2).  Defendant Fifthian, in opposition, argues against a blanket prohibition on all statements Mr. Lee made to him.  (Doc. #112 at 2).

Plaintiff's first motion *in limine* is denied as unreasonably overbroad. He categorically fails to identify specific statements that Mr. Lee allegedly made to Defendant Fifthian that constitute inadmissible hearsay and/or double hearsay. (Doc. #95 at 4-5). Without knowing which statement(s) Plaintiff challenges, the Court cannot rule on its admissibility before trial. See Bowden ex rel. Bowden v. Wal-Mart Stores, Inc., No. Civ. A 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) ("The court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" (citation omitted)). In essence, Plaintiff invites the Court to blindly rule that all statements Mr. Lee made to Defendant Fifthian are inadmissible hearsay. The Court declines his invitation. See LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) ("A motion *in limine* is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." (citation omitted)). Since Mr. Lee's alleged statements to Defendant Fifthian are not clearly inadmissible at this time, the Court defers on this evidentiary ruling until trial. See Stewart, 2007 WL 1752873, at *1 (citation omitted).

### 2. Opinions Regarding Defendant Fifthian's Probable Cause to Arrest Plaintiff

In Plaintiff's second motion *in limine*, he requests that the Court "bar any and all statements made by Defendants, all their counsel, and/or witnesses as to whether there was probable cause to arrest" him because such testimony would contain ultimate conclusions that are reserved for the jury. (Doc. #95 at 6). Specifically, Plaintiff seeks to preclude James D. Miller, Esq., the prosecuting attorney in the underlying criminal case, from testifying that the criminal charges for which Plaintiff was arrested were dropped for reasons other than a lack of probable cause. (Doc. #95 at 6). Defendant agrees that

testimony on whether probable cause existed for an arrest is generally inadmissible; however, he asserts that Mr. Miller's testimony is fundamentally different. (Doc. #112 at 4). For the reasons explained below, the Court denies Plaintiff's second motion.

Based on the Second Amended Complaint and Plaintiff's pretrial submissions, it appears he will introduce evidence that the criminal charges for which he was arrested were ultimately dropped. In rebuttal, Defendant intends to call Mr. Miller to refute any insinuation that the charges were dropped for a lack of probable cause. Contrary to Plaintiff's contention, Mr. Miller will not testify that Defendant had probable cause to arrest him; but he will merely testify that the prosecution ceased its case against Plaintiff for reasons other than a lack of probable cause (*e.g.*, insufficient evidence to prove Plaintiff was guilty beyond a reasonable doubt). To exclude such testimony would prevent the jury from hearing important information that may help them reach a verdict. The statements Plaintiff wishes to exclude, therefore, are relevant to avoid any jury confusion; and he has not offered any persuasive arguments to demonstrate that the prejudicial effect of this evidence outweighs the probative value. Accordingly, Plaintiff's second motion is denied.

### 3. Evidence of Plaintiff's Prior Criminal Acts and Pleas

Next, Plaintiff seeks to exclude evidence regarding his prior arrests, pleas, and convictions under Rule 401 of the Federal Rules of Evidence. (Doc. #95 at 7). He contends that such evidence is highly prejudicial and irrelevant to whether Defendant had probable cause to arrest him. (Doc. #95 at 7). While Defendant concurs that Plaintiff's prior pleas and convictions are irrelevant, he nevertheless contends that evidence of his prior arrests are relevant because of his alleged damages - *i.e.* the "fear, humiliation, anger and emotional distress." (Doc. #112 at 5; Doc. #65 at ¶ 26). According to

Defendant, because Plaintiff has previously been arrested, the effect his arrest in question had on his emotions and reputation is much less than the effect on a citizen with a law-abiding history. (Doc. #112 at 5).

The Court denies Plaintiff's third motion because his prior arrests are relevant for the limited purpose of undermining his damages claims. In Bryan v. Jones, the Fifth Circuit Court of Appeals addressed, among other things, whether the district court erred in refusing to permit proof of the plaintiff's prior imprisonment as relevant to the damages he sought in his § 1983 action for false imprisonment. 519 F.2d 44 (5th Cir. 1975), *rev'd and remanded on other grounds*, 530 F.2d 1210 (5th Cir. 1976) (en banc).[3] In finding error with the district court's decision to ban proof of the plaintiff's prior imprisonment, the Fifth Circuit found that

> [the plaintiff] was allowed to adduce proof of the adverse conditions under which he was confined. The parties should have been given an opportunity to develop all factual elements which related to damages. One such element is the suffering caused by the very fact of incarceration, absent any issue concerning the condition of or reason for such incarceration. Even a minimal sort of penal confinement may be debilitating to many. Under comparable conditions of confinement, however, this mental anguish may be much less for the recidivist than for one incarcerated for the first time. Therefore, the fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement. Accordingly, this cause must be remanded so that the damage issue may be tried anew.

Id. at 46; see also Coney v. Cobas, 129 F. App'x 561 (11th Cir. 2005) (finding that the district court did not abuse its discretion in excluding evidence of the plaintiff's prior arrests and convictions as it related to emotional damages he allegedly suffered from the arrest

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

at issue because (1) the crux of his trauma stemmed from the arrest, not the incarceration, and (2) the jury already knew of his prior convictions). Thus, to the extent Plaintiff testifies he suffered "fear, humiliation, anger, and emotional distress" because of his arrest and imprisonment, evidence of his prior arrests are relevant to the issue of damages. Beyond conclusory allegations, Plaintiff has not demonstrated that substantial prejudice outweighs the probative value of this evidence. Accordingly, the Court denies Plaintiff's third motion *in limine*.

### 4. Defendant Fifthian Wearing His Police Uniform During Trial

Finally, Plaintiff moves to bar Defendant from wearing his police uniform during trial, arguing that the uniform would unduly bolster Defendant's credibility and "have an unfair emotional impact on the jury." (Doc. #95 at 9). Plaintiff, however, withdrew his motion at the final pretrial conference on April 21, 2014. The Court, therefore, denies Plaintiff's fourth motion *in limine* as moot.

### B. Defendant Fifthian's Motion *In Limine*

Defendant Fifthian seeks to exclude the following at trial: (1) opinions from Philip Sweeting, Plaintiff's expert witness, that were not timely disclosed; (2) testimony regarding the outcome of the underlying criminal prosecution; and (3) testimony regarding prior interactions between Plaintiff, his family members, and employees of the Lee County Sheriff's Department.[4] (Doc. #99). The Court will address each of Defendant's arguments in turn.

---

[4] Defendant's Motion *In Limine* also seeks to exclude Plaintiff from introducing an affidavit of Mark Lee in lieu of his live trial testimony because the affidavit was filed after the discovery deadline. (Doc. #99 at 5). According to Plaintiff's Final Witness List (Doc. #125), however, Mr. Lee will testify at trial. As such, Defendant's motion *in limine* as it relates to Mark Lee's affidavit is moot.

### *1. Expert Opinions Not Timely Disclosed*

Defendant Fifthian moves to exclude testimony from Mr. Sweeting on matters not disclosed in his expert report dated July 23, 2013. (Doc. #99 at 2-3). Defendant's concern arises from Plaintiff's Final Witness List (Doc. #125), which states that Mr. Sweeting "will testify as to police practices and the use of confidential informants."  According to Defendant, Mr. Sweeting's report does not discuss these topics, but offers three opinions on unrelated matters: (1) a reasonable officer confronted with similar facts would know or should have known there was no evidence to support Plaintiff's arrest; (2) Defendant acted willfully and maliciously towards Plaintiff because he embellished his Probable Cause Statement (Doc. #77-1 at 2-5), failed to follow-up on leads indicating that Mark Lee, and not Plaintiff, committed the thefts, and failed to notify the State Attorney's Office of evidence exonerating Plaintiff; and (3) the Lee County Sheriff's Department acted with deliberate indifference to Plaintiff's constitutional rights if it knew of Defendant's actions and failed to take corrective measures. (Doc. #100-1). As such, Defendant argues that Plaintiff cannot introduce testimony from Mr. Sweeting on police practices and the use of confidential informants at trial. (Doc. #99 at 1-3).

Federal Rule of Civil Procedure 26(a)(2) states that expert witnesses must submit a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). After disclosing an expert report, a party has a duty to supplement the information in the report, and "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures

under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). If a party fails to provide information as required by Rule 26, he is prevented from using that information at a trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Mitchell v. Ford Motor Co., 318 F. App'x 821, 825 (11th Cir. 2009) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." (citation omitted)).

Here, Mr. Sweeting's testimony is limited to "the opinions, basis, reasons, data, and other information disclosed in [his] written expert report" (Doc. #33). Although Mr. Sweeting does not identify precise police practices in his report, he summarizes and discusses the steps Defendant took in obtaining warrants to arrest Plaintiff and search his business. (Doc. #100-1 at 2-6). To that end, Mr. Sweeting may testify generally about police procedures and investigative tactics that he encountered during his extensive experience in law enforcement. He may not, however, testify to topics not disclosed in his report, such as national police standards that Defendant purportedly did not follow during his investigation of Plaintiff. For these limited reasons, the Court grants Defendant's motion to the extent they are consistent with the Court's rulings below.

### *2. Testimony Regarding the Outcome of the Underlying Criminal Prosecution*

Defendant Fifthian next moves to exclude evidence that the charges against Plaintiff were ultimately dropped. (Doc. #99 at 3). Defendant does so in anticipation of Plaintiff's criminal defense attorney, Peter Ringsumth, Esq., testifying about the outcome of his criminal case. (Doc. #99 at 3; Doc. #125). According to Defendant, the case's outcome bears no relevance to Plaintiff proving his claims. This is particularly so where the determinative element for false arrest is whether probable cause existed *at the time*

*of arrest*, Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010), and the determinative element for false imprisonment is whether Defendant caused Plaintiff to be confined *after he knew or should have known* that Plaintiff was entitled to be released, West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). (Doc. #99 at 3-4).

With respect to false arrests, "[d]ropped charges provide an occasion to puncture, through retrospection, the onerous on-scene judgments of an officer. The ultimate release of charges . . . is of no significance in the probable cause analysis. Officers are not expected to be legal technicians." Arrington v. Kinsey, 512 F. App'x 956, 959 (11th Cir. 2013) (citation omitted). In Marx v. Gumbinner, the Eleventh Circuit held that whether "a defendant is subsequently acquitted or charges are dropped against [him] is of no consequence in determining the validity of the arrest itself." 905 F.2d 1503, 1507 (11th Cir. 1990) (citing Baker v. McCollan, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, Sec. 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released.") (other citations omitted)). Based on those principles, the outcome of the underlying criminal prosecution is irrelevant to Plaintiff's false arrest claim.

To prevail on the false imprisonment claim, Plaintiff must show that (1) he was unwillingly detained by Defendant; (2) Defendant intended to detain him; and (3) Defendant detained him without lawful authority. See Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). Since Plaintiff's arrest was based on a warrant, he must show why his underlying arrest was unlawful, or why, despite the lawful arrest, the subsequent imprisonment was unlawful. To do so, evidence that the underlying criminal charges were

dropped is relevant and not unduly prejudicial to Defendant. Accordingly, Defendant's second motion is denied.

### 3. Testimony Regarding Prior Interactions Between Plaintiff, His Family Members, and Employees of the Lee County Sheriff's Department

Finally, Defendant Fifthian moves to exclude Plaintiff from introducing evidence regarding past communications between Plaintiff, his father, and employees at the Lee County Sheriff's Department. (Doc. #99 at 4). According to Defendant, Plaintiff intends to use this evidence to establish that they were biased against him. It is Defendant's position that evidence of bias is irrelevant to Plaintiff's false arrest and false imprisonment claims. (Doc. #99 at 5).

To receive qualified immunity from Plaintiff's claims, as Defendant asserts here, he needed to have had arguable probable cause to arrest Plaintiff. (Doc. #106 at 15). Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004) ("The essence of qualified immunity analysis is the public official's objective reasonableness, regardless of his underlying intent or motivation."). "'This standard is an objective one and does not include an inquiry into the officer's subjective intent or believes.'" Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir. 2010) (citation omitted). A defendant's "'subjective beliefs about the matter, however induced, are actually irrelevant to the inquiry.'" Rushing, 599 F.3d at 1266 (citation omitted).

Based on the foregoing, evidence of Defendant's purported bias is irrelevant to determining whether probable cause existed for Plaintiff's arrest, and any evidence

offered for the purpose of establishing such bias should be excluded.  Accordingly, Defendant's third motion is granted in this respect.

### C. Defendant Fifthian's Motion to Exclude Plaintiff's Expert Witness and to Strike the Corresponding Expert Report

In support of his case, Plaintiff retained Mr. Sweeting, a former Deputy Chief of Police in Boca Raton, Florida, as an expert on police practices and procedures.  As previously stated, Mr. Sweeting prepared a report (Doc. #100-1) in which he opined that (1) a reasonable officer confronted with similar facts would know or should have known there was no evidence to support the arrest of Plaintiff; (2) Defendant acted willfully and maliciously towards Plaintiff because he embellished his Probable Cause Statement (Doc. #77-1 at 2-5), failed to follow-up on leads indicating that Mark Lee, and not Plaintiff, committed the thefts, and failed to notify the State Attorney's Office of evidence exonerating Plaintiff; and (3) the Lee County Sheriff's Department acted with deliberate indifference to Plaintiff's constitutional rights if it knew of Defendant's actions and failed to take corrective measures.  (Doc. #100-1).  Defendant now moves to exclude Mr. Sweeting as an expert witness.  (Doc. #100).

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  It provides, in relevant part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; see also United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir.

2004) (stating that expert testimony assists the trier of fact "if it concerns matters that are beyond the understanding of the average lay person" but "generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments" (citation omitted)).

In Daubert v. Merrell Dow Pharmaceuticals, Inc., the Supreme Court noted that Rule 702 imposes a duty on trial courts to act as "gatekeepers" to insure that speculative and unreliable opinions do not reach the jury.  509 U.S. 579, 589 n. 7 (1993).  The objective of this gatekeeping function is to ensure that expert witnesses employ in the courtroom the "same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).  The court's gatekeeping role is especially significant given "the expert's opinion can be both powerful and quite misleading because of the difficulty in evaluating it." Frazier, 387 F.3d at 1260 (11th Cir. 2004).

To fulfill this role, the Eleventh Circuit instructs district courts to determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Frazier, 387 F.3d at 1260 (citation omitted).  In evaluating the admissibility of expert testimony, district courts "have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable." United States v. Majors, 196 F.3d 1206, 1215 (11th Cir.1999) (citation omitted).  Importantly, in adjudicating the admissibility of expert testimony, it is not the function of the court to determine the ultimate

persuasiveness of the testimony. See Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1193 (11th Cir. 2011) (citations omitted).

First, Defendant argues that Mr. Sweeting's opinions lack a discernible methodology because, to the extent they are based on his personal experience, there is no indication of how his experience led him to the conclusions he has reached in his report. (Doc. #100 at 7). Moreover, Defendant points out that Mr. Sweeting improperly utilized the "two-pronged test" set forth in Aguilar v. Texas, U.S. 378 U.S. 108, 114 (1964) to assess whether Mark Lee's information gave Defendant probable cause for a warrant because the Supreme Court abandoned that standard for a "totality-of-the-circumstances test" in Illinois v. Gates, 462 U.S. 213, 232 (1983). Plaintiff opposes Defendant's arguments, maintaining that Mr. Sweeting's methodology expressly included reviewing applicable laws, nationally accepted police practices, and the facts as presented in depositions, policies, reports, and the like to formulate his opinions. (Doc. #127 at 4). According to Plaintiff, any concerns Defendant has regarding Mr. Sweeting's methodology may be addressed during cross-examination. (Doc. #127 at 4).

Contrary to Defendant's position, Mr. Sweeting's report sets forth a sufficient methodology. Defendant charges that Mr. Sweeting's opinions do not indicate how his twenty-six years in law enforcement led him to the conclusions he reached. (Doc. #100 at 7-8). Mr. Sweeting, however, explains his qualifications at the outset of his report and attaches his CV and lists the cases for which he has testified or provided consultation as an expert in police practices. (Doc. #100-1). For example, Mr. Sweeting's duties included reviewing and writing all police department policies to ensure they were in compliance with all state and federal laws, court decisions, and standards as required by the

Commission on Accreditation for Law Enforcement Agencies. (Doc. #100-1 at 9). It is clear that Mr. Sweeting based his analysis of the instant case on his experience as a Deputy Chief of Police and the experiences that led him to that position. To the extent Defendant is concerned that Mr. Sweeting did not explicitly explain how his experiences served as a sufficient basis for his opinions, he may explore those concerns on cross-examination. (Doc. #127 at 4). Accordingly, Defendant's motion is denied in this respect.

Second, Defendant argues that Mr. Sweeting's opinion on the existence of probable cause is an inadmissible legal conclusion. In response, Plaintiff clarifies that Mr. Sweeting will only testify about Defendant's investigative procedures and tactics, and not opine on whether he had probable cause to arrest Plaintiff. (Doc. #127 at 4-7). As previously stated, Mr. Sweeting may testify to Defendant Fifthian's investigative procedures and tactics that are in essence disclosed in his report, but he may not state his opinion that Defendant lacked probable cause to arrest Plaintiff and search his business.

Third, Defendant argues that, like the foregoing, Mr. Sweeting's opinion that Defendant acted willfully and maliciously by embellishing reports, failing to follow-up on leads indicating that Plaintiff did not commit the car thefts, and failing to notify the State Attorney's Office of exculpatory evidence are inadmissible legal conclusions. (Doc. #100 at 11). In addition, Defendant maintains that Mr. Sweeting's opinion is not beyond the average juror's understanding, which renders his opinion unnecessary. (Doc. #100 at 11). Plaintiff, in opposition, argues that Mr. Sweeting may testify to an ultimate issue in the case where it is helpful to the trier of fact. (Doc. #127 at 7-8 (citing Davis v. Mason Cnty., 927 F.2d 1473 (9th Cir. 1991) (allowing a police expert to testify that a sheriff was

"reckless" in failing to train deputies where failure to train could serve as a basis of municipal liability) (other citations omitted)).

Under Federal Rule of Evidence 704(a), "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "[T]o be admissible under Rule 704 an expert's opinion on an ultimate issue must be helpful to the jury and also must be based on adequately explored legal criteria." Haney v. Mizell Memorial Hosp., 744 F.2d 1467, 1474 (11th Cir. 1984) (citing Fed. R. Evid. 704 advisory committee note); see also United States v. Grzybowicz, No. 12-13749, 2014 WL 1328250, at *1 (11th Cir. Apr. 4, 2014) ("'An expert may testify as to his opinion on an ultimate issue of fact,' provided that he does not 'merely tell the jury what result to reach' or 'testify to the legal implications of conduct.'" (citations omitted)).

The Court finds that Mr. Sweeney's willful and malicious opinion is inadmissible, not because it goes to ultimate issue of the case, but because it is not "beyond the understanding of the average lay person" and fails to "offer[] more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262; see also Fed. R. Evid. 704 advisory committee note ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions.  Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach[.]").  Mr. Sweeting's opinion that Defendant acted willfully and maliciously would be only marginally helpful to the jury, if helpful at all.  See Frazier, 387 F.3d at 1262.  Accordingly, Defendant's motion is granted as to Mr. Sweeting's opinion that he acted willfully and maliciously towards Plaintiff.

Finally, Defendant argues that Mr. Sweeting's opinion that the Sheriff's Department may have exhibited a deliberate indifference to the rights of Plaintiff and all citizens is irrelevant and prejudicial. (Doc. #100 at 12-13). Since Plaintiff does not object to Defendant's motion in this respect (Doc. #127) and he has voluntarily dismissed Sheriff Mike Scott as a named defendant, the Court grants his request.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motions *in Limine* (Doc. #95) are **DENIED** in all respects, except the Court defers ruling on the admissibility of any alleged hearsay statements that Mark Lee made to Defendant Jason Fifthian until trial;

(2) Defendant's Motion *in Limine* (Doc. #99) is **GRANTED in part** and **DENIED** in part. Defendant's Motion is granted with respect to excluding expert testimony not timely disclosed and testimony about prior interactions between Plaintiff, his family members, and employees of the Lee County Sheriff's Department, but is denied in all other respects;

(3) Defendant's Motion to Exclude Plaintiff's Expert Witness, Philip Sweeting, And To Strike His Expert Report (Doc. #100) is **GRANTED in part** and **DENIED in part**. Defendant's Motion is granted with respect to Mr. Sweeting's opinion that Defendant Fifthian acted willfully and maliciously towards Plaintiff and is denied in all other respects.

It is so **DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of April, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: To All Parties of Record