**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FRED HERMAN KOBIE, III,

       Plaintiff,

v.                                   Case No: 2:12-cv-98-FtM-29DNF

JASON FITHIAN, Detective of Lee County
Sheriff Department and MIKE SCOTT,
Sheriff of Lee County Sheriff Department,

Defendants.
_____/

**<u>ORDER</u>**[1]

    This matter comes before the Court on the Defendants' Motion for Taxation of Costs (Doc. #146) filed on May 12, 2014. The Defendants move pursuant to Fed. R. Civ. P. 54(d) for recovery of costs incurred in defending the instant case.

    The District Court has broad discretion to award or deny costs pursuant to Fed. R. Civ. P. 54(d). *See* <u>Ass'n for Disabled Am., Inc. v. Integra Resort Mgmt., Inc.</u>, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). However, the "Court may not tax as costs any items not included in 28 U.S.C. § 1920." <u>Id</u>. In pertinent part, 28 U.S.C. § 1920 reads:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

To be awarded these costs, the moving party must be considered a "prevailing party" under Fed. R. Civ. P. 54(d). The proper test for determining whether a party has prevailed in an action is that there must be either "(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' *or* (2) a 'judicial *imprimatur* on the change' in the legal relationship between the parties." Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (*citing* Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)).  On May 7, 2014 a judgment (Doc. # 145) was entered in favor of the Defendant Jason Fithian on all claims, and thus he is a prevailing party for taxation of costs purposes.[2]

The Defendants seek costs of $769.29 for copies of trial exhibits and other related documents necessary for the case. Under § 1920 these copying costs incurred are recoverable, and therefore the Defendants' request to tax those costs is granted.

---

[2] Defendants argue that Mike Scott is a "prevailing party" for purposes of Rule 54(d)(1) despite him having been voluntarily dismissed without prejudice.  (Doc. #146 at 3 (citations omitted)).  The Court, however, does not need to decide the merits of this argument because any costs recoverable under Fed. R. Civ. P. 54(d)(1) are inextricably intertwined between Mike Scott and Jason Fithian.  Thus, the Court will use the term Defendants in uniformity with the request in the Motion and not as a determinative that Mike Scott is a prevailing party.

The Defendants next list various costs for taking depositions of witnesses and obtaining copies of other witness depositions. Costs for depositions are recoverable under § 1920(2) if the "deposition was wholly or partially 'necessarily obtained for use in the case.'" E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981)). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620 (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993)). Courts have generally held that depositions of persons named on the witness list at trial or relied upon in a motion of summary judgment are recoverable as costs necessary for the case. See Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207 (11th Cir. 2002). Accordingly, the costs for the depositions or deposition copies listed on the Defendants' Bill of Costs (Doc. #148) are recoverable if they were used in support of the Defendants' motion for summary judgment or were of witnesses at trial. The Court is unable to determine the purpose or relation of the deposition testimony of James Kerr, listed along with Michael Jackson and John Dyhkuis as deposition copy cost in the amount of $247.50. Therefore the taxation of that item is denied. All other listed items relating to deposition testimony are sufficient to be recoverable under § 1920 and are granted.

The Defendants next list $9.00 as a cost for "delivery service/Messenger delivery." It is well settled that costs for "shipping and handling" or postage costs are not recoverable expenses under §1920. Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d

1342, 1354 (S.D. Fla. 2009); *see* Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996). Therefore, the request for this cost is denied.

The Defendants' Bill of Costs (Doc. #148) lists a $600.00 expense entitled "mediator's fee" as an item for which taxation of cost is requested. Rule 54(d) and § 1920 do not provide any means to recover mediation fees. *See* Bates v. Islamorada, Vill. of Islands, No. 04-10114-CIV, 2007 WL 2113586 (S.D. Fla. July 23, 2007) (*citing* Corwin v. Walt Disney Co., 468 F.3d 1329, 1346 (11th Cir. 2006), *vacated and superseded on reconsideration on other grounds,* 475 F.3d 1239 (11th Cir. 2007)). Accordingly the Defendants' request for Mediation fees is denied.

Finally, the Defendants request that $230.00 for service of process and $222.95 for witness expenses be taxed as costs under § 1920. Service of process fees "may be taxed pursuant to §§ 1920(1) and 1921." W&O, Inc., 213 F.3d at 624. These fees may not exceed the statutory requirements of § 1921, however this Court finds that they do not, and are accordingly recoverable under § 1920. The witness fees requested are generally recoverable under § 1920(3), and are granted to the extent that the witnesses were actually used at trial. Thus, the mileage and witness fees for Brandon Jones, Robert Wood, and Tyler Holcombe are granted.

Defendants have requested that costs be taxed to the Plaintiff in the amount of $5,499.84. The Court finds that certain requested expenses, totaling $844.59, do not fall within the confines of Rule 54(d) and § 1920, and accordingly reduces the Defendant's original request by that amount to $4,655.25.

Accordingly, it is now

**ORDERED:**

4

The Defendants' Motion for Clerk's Taxation of Costs (Doc. #146) is **GRANTED** in part, and **DENIED** in part. The Clerk shall tax the cost in the Defendant's Bill of Costs against the Plaintiff and that the Defendants be reimbursed for copying charges of $769.29, deposition costs of $3430.01, service of process costs of $230.00, and witness and mileage fees of $225.95 for a total of **$4,655.25**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record